UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 15-cv-23810-MARTINEZ/GOODMAN

ATLANTIC RECORDING CORPORATION, WARNER BROS. RECORDS INC., UMG RECORDINGS, INC., SONY MUSIC ENTERTAINMENT, and CAPITOL RECORDS, LLC,

        Plaintiffs,

v.

ANDREW SAMPSON, AUROUS GROUP, INC. and DOES 1-10,

        Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND ACCOMPANYING MEMORANDUM OF LAW**

Introduction:

      Andrew Sampson, Aurous Group, Inc., by and through undersigned counsel respectfully move under 17 U.S.C. Statute §502 and Federal Rule of Civil Procedure 65 that the request for a preliminary injunction be denied.  This response is without prejudice to an addendum, as on October 23, 2015 after hours of negotiation Plaintiffs' and Defendants' counsel mutually agreed to file the "Joint Stipulation and [Proposed] Order to Extend Temporary Restraining Order, Continue Preliminary Injunction Hearing, D.E. and Enlarge Time to Respond to Complaint." D.E. This stipulation was done to provide Defense Counsel with additional time to confer with clients, become familiar with the case, initiate settlement, conserve judicial resources and account for previous scheduling conflicts of defense counsel.

Background:

On October 10, 2015, Aurous, Inc. publicly launched an online service to play music. To use Defendant's service, it is necessary to install the Aurous software on a Windows, Macintosh, or Linux computer. The allegations that the purpose of this website is to pirate music is false and unfounded. Aurous exists for the purposes of bringing together multiple sites all with DMCA takedown capabilities and anti-piracy bylaws. The website complained of in Paragraph 35, *Pleer* disallow such pirated music on their sites.

Aurous in no way encourages, the downloading or playing of copyrighted music. Additionally, Defendant maintains a DMCA takedown email. To date, Plaintiff has not submitted any DMCA takedown requests, and simply initiated a lawsuit within days of the website's publication. This preliminary restraining order is an attempt to hold Aurous responsible for the actions of its users and the users of third party websites.

Argument:

To obtain a preliminary injunction, a plaintiff must establish that: (1) there is: "substantial likelihood that it will succeed later onteh merits"; (ii) it "will suffer an irreparable injury absent [preliminary' relief"; (iii) the harm that it "will likely suffer outweighs any harm that its opponent will suffer as a result of an injunction; and (iv) that preliminary relief would not "disserve the public interest." *Scott v. Roberts*, 612 F.3d 1279, 1290 (11rh Cir. 2010).

Plaintiffs will not suffer an irreparable absent relief as Aurous does not host or play music. In actuality, Aurous simply is a player of players: Aurous informs users where to locate music. Furthermore, Aurous does not send users to locations that do not have DMCA takedown capabilities, or do not expressly state that they do not allow piracy. Plaintiffs are using this lawsuit as a way to assert power, and if Plaintiff simply removed their music from these third-

party websites there would be no way Aurous could send users to these locations to play their muic.

        Respectfully submitted,

        By:   /s/ Frank L. Hollander
              Frank L. Hollander

HOLLANDER AND ASSOCIATES, LLC
Frank L. Hollander
One Biscayne Tower
2 S. Biscayne Blvd., Suite 1650
Miami, FL 33131
Telephone: (305) 373-9999
Facsimile: (305) 373-7777

HAIRSTON LAW, P.A.
Shawn L.M. Hairston, Sr.
One Biscayne Tower
2 S. Biscayne Blvd., Suite 1650
Miami, FL 33131
Telephone: (305) 330-0772
Facsimile: (305) 675-0595

*Attorneys for Defendants*