UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 15-23810-CIV-MARTINEZ-GOODMAN**

ATLANTIC RECORDING CORPORATION, WARNER BROS. RECORDS INC., UMG RECORDINGS, INC., SONY MUSIC ENTERTAINMENT, and CAPITOL RECORDS, LLC,

    Plaintiffs,

vs.

ANDREW SAMPSON, AUROUS GROUP, INC. and DOES 1-10,

    Defendants.

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, Defendants Andrew Sampson and Aurous Group, Inc. (collectively, the "Aurous Parties") have operated an audio streaming and downloading service under the name "Aurous" and, in connection with this service, have operated a website and computer servers, distributed software, and engaged in other activities, to allow users of the Aurous service to stream and download digital files, including copyrighted sound recordings owned by the Plaintiffs (collectively, with the Aurous Parties, the "Parties");

WHEREAS, the Plaintiffs commenced this action against the Aurous Parties by filing and serving a Complaint on October 13, 2015;

WHEREAS, on motion by the Plaintiffs, this Court on October 15, 2015 issued a copyright-infringement Temporary Restraining Order against the Aurous Parties and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation

-2-

with each or any of them or aiding and abetting their conduct, restraining them from, among other things, infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of the Plaintiffs' copyrights protected by the Copyright Act, whether now in existence or hereafter created;

WHEREAS, on October 28, 2015 with the express consent of the Aurous Parties, the Court extended the Temporary Restraining Order to and through a preliminary injunction evidentiary hearing before the Magistrate Judge to be held on November 5, 2015;

WHEREAS, on November 5, 2015, the Magistrate Judge, with the express consent of the Aurous Parties, issued an Administrative Order extending the Temporary Restraining Order until the earlier of the District Court entering a ruling on the Plaintiffs' Motion for a Preliminary Injunction or the Parties' entry into a binding and enforceable settlement agreement;

WHEREAS the Parties have reached agreement for a full and final resolution of this action, the complete terms of which are set forth in a written settlement agreement, which provides, among other things, for entry by the Court of the Consent Judgment and Permanent Injunction herein ("Judgment and Permanent Injunction") on the terms and conditions set forth herein;

THEREFORE, in light of the Parties' Stipulation for the entry of a Consent Judgment and a Permanent Injunction in favor of Plaintiffs, and the Court's continuing jurisdiction in respect thereof, the Court hereby enters this Consent Judgment and Permanent Injunction as follows:

1.   For the purposes of this Judgment and Permanent Injunction, the following definitions shall apply:

    a.   The "Aurous System" shall mean the audio streaming and downloading service known as "Aurous," including the website www.aurous.me and all other websites, computer servers, distributed software, applications,

-3-

          equipment, software, databases, data, and business information related to the Aurous service.

    b.    The "Copyrighted Works" shall mean and include any and all sound recordings, audiovisual works, album art, and images (or portions thereof), whether protected by the federal Copyright Act or state law, and whether now in existence or later created, in which Plaintiffs (including their parents, subsidiaries or affiliates) own or control an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106), or which are protected by state or common law and/or by the copyright laws of other countries or territories.

2.    The Aurous Parties acknowledge that they have been properly and validly served with the Summons and Complaint in this action.

3.    Judgment shall be, and hereby is, entered in favor of Plaintiffs and against the Aurous Parties on all of Plaintiffs' claims, and damages shall be awarded to Plaintiffs, and against the Aurous Parties, jointly and severally, in the amount of US$3,000,000, inclusive of all costs, attorneys' fees, and pre-judgment interest. The Aurous Parties acknowledge and agree that this award of damages bears a reasonable relationship to the range of damages and attorneys' fees and full costs that the parties could have anticipated would be awarded at and following a trial of this action.

4.    The Aurous Parties, and each of them, their respective officers, agents, servants, employees, and such other persons who are in active concert or participation with or aid and abet the Aurous Parties, including but not limited to Danielle Astvatsaturova:

    a.    Shall be, and hereby are, permanently restrained, prohibited, and enjoined from infringing, by any means, directly or indirectly, any of Plaintiffs'

exclusive rights in the Copyrighted Works. The foregoing prohibition shall include, but is not limited to, engaging in any of the following without prior express written consent, agreement, authority, or license from Plaintiffs:

    i.    directly or indirectly copying, distributing (which shall include, without limitation, making a work available for distribution by placing the work in a computer file or folder that is accessible by others for downloading), uploading, linking to, transmitting, streaming, publicly performing, or otherwise exploiting any of the Copyrighted Works; and

    ii.    directly or indirectly enabling, encouraging, facilitating, assisting, soliciting, or inducing any person or entity, via the Aurous System or any other network, service or medium, (A) to copy, distribute, upload, link to, transmit, stream, publicly perform, or otherwise exploit any of the Copyrighted Works, or (B) to make any of the Copyrighted Works available for copying, distribution, uploading, linking to, transmitting, streaming, public performance or other exploitation.

b.    Without limiting the generality of any of the foregoing, absent prior express written consent, agreement, authority, or license from Plaintiffs, the Aurous Parties shall permanently cease and terminate all operation of the Aurous.me website, the Aurous System, and any other website or system that the Aurous Parties (or any of them) own or control, directly or indirectly, that is substantially similar to the Aurous System. The Aurous

Parties shall further cease and desist from directly or indirectly operating, assisting in, facilitating, or supporting the Aurous System or any part thereof, including without limitation engaging in any of the following activities, except as otherwise expressly agreed in writing by Plaintiffs: (i) operating or assisting in the operation of any computers, servers, or software that in any manner assist in or support the operation of the Aurous System, (ii) any use of any domain that includes the term "aurous," or any substantially or confusingly similar terms, or (iii) in any way profiting or benefiting from the operation of the Aurous System.

5. Without limiting the generality of any of the foregoing, and except as otherwise expressly agreed in writing by Plaintiffs, the Aurous Parties shall not in any manner whatsoever use, exploit, sell, license, lease, assign, loan, barter, transfer, convey, hypothecate, encumber, pledge, or distribute, for consideration or otherwise, any hardware, software, source code, technology, intellectual property, or goodwill in any way related to or associated with the Aurous System, including but not limited to the name "Aurous."

6. This Judgment and Permanent Injunction is a final judgment for purposes of disposition of this action. The Aurous Parties irrevocably and fully waive notice of entry of this Judgment and Permanent Injunction, and notice and service of this Judgment and Permanent Injunction as and when entered, and understand and agree that violation of this Judgment and Permanent Injunction will expose the Aurous Parties to all penalties provided by law, including for contempt of Court.

7. The Aurous Parties consent to the continuing jurisdiction of the Court for purposes of enforcement of this Judgment and Permanent Injunction, and irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or

-6-

inconvenient. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

8. The Aurous Parties shall give notice of this Consent Judgment and Permanent Injunction to each of their officers, directors, agents, servants, employees, partners, owners, all entities through which they conduct business, representatives, and all those acting in active concert or participation with or aiding and abetting the Aurous Parties.

9. The Aurous Parties irrevocably and fully waive any and all right to appeal this Judgment and Permanent Injunction, to have it vacated, modified or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity.

10. The Aurous Parties agree that nothing herein shall limit the right of any Plaintiff to recover damages for any and all infringements by the Aurous Parties of Plaintiff's Copyrighted Works occurring after the date that the Aurous Parties executed this Stipulation.

11. Plaintiffs are not required to post any bond or security in connection with the Permanent Injunction, and the Aurous Parties permanently, irrevocably, and fully waive any right to request a bond or any other security.

12. This case is **CLOSED**, and all pending motions are **DENIED as MOOT**.

DONE AND ORDERED in chambers at Miami, Florida, this 23 day of December, 2015.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record